UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

UNITED STATES OF AMERICA,

      Plaintiff

vs.                                       Case No. 2:13-cr-0045-JMS-CMM

NATHANIEL MESKIMEN,

      Defendant

## **REPORT AND RECOMMENDATION**

Hearings were convened in this matter on August 10 and September 5, 2017, on a Petition for Warrant or Summons for Offender Under Supervision filed July 24, 2017 [Doc. 46]. A summons was issued for the defendant's appearance [Doc. 49] and the Court set this matter for an initial appearance. This matter was referred to the Magistrate Judge for hearing pursuant to 18 U.S.C. 3401(i) on July 25, 2017 [Doc. 48]. The August 10, 2017 proceeding was both an initial appearance and, by agreement of the parties, a hearing on the defendant's alleged violation of the terms and conditions of his sentence while on supervised release. By further agreement of the parties, the matter was then postponed to September 5 for disposition.

The Government appeared by Bradley Blackington, Assistant United States Attorney; the defendant, Nathaniel Meskimen, appeared in person and by counsel, Michael J. Wright. Jennifer Considine was present on behalf of the U.S. Probation Office.

The Government and defense counsel advised the Court that the parties had reached an agreement on admission of violations during the August 10 hearing. The parties also had reached an agreement on disposition of the case in advance of the September 5 hearing.

The Court advised the defendant of his constitutional rights and the burden of proof with respect to the alleged violations. The defendant answered preliminary questions to ascertain his ability to understand the proceedings. The defendant was provided a copy of the Petition and waived his right to a preliminary hearing. The defendant, Nathaniel Meskimen, was sworn and his testimony heard. He admitted the violation cited in the Petition [Doc. 46] submitted by U.S. Probation Officer Considine.

The defendant advised that he had sufficient time to meet with counsel, to review the nature of the violations cited in the Petition, and to consider whether to admit the violation. The Court reviewed with the Defendant the violation cited in the Petition. The Court finds that the defendant, after being placed under oath, and having had sufficient time to consult with counsel, made a knowing, intelligent and voluntary admission of the violation cited in the Petition.

The undersigned recommends to the Court adoption of the following Findings of Fact and Conclusions of Law:

### **Findings of Fact**

1. The defendant, Nathaniel Meskimen, was sentenced on March 18, 2014, in the U. S. District Court for the Southern District of Indiana, Terre Haute Division, on the charges of felon in possession of a firearm and possession of a stolen firearm. The original sentence included 33 months of confinement and 36 months of supervised release.

2. While on supervised release, the defendant violated the following term terms of supervised release:

> *The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.*

3. The defendant was under supervision of the U.S. Probation Office in the Southern District of Indiana on July 24, 2017, the date on which the Petition was filed.

4. The defendant admitted the allegation contained in the Petition in open court, under oath, and after the advice of counsel. The specific offense included:

   a. On July 12, 2017, Meskimen submitted a urinalysis which tested positive for cannabinoids and opiates. On July 20, 2017, the probation officer met with Meskimen to confront him about the drug use and he admitted to using both substances. Meskimen advised he had an addiction to marijuana and has difficulty fighting his urges. Additionally, he admitted to using Tylenol 3, which he received from his mother due to headaches.

5. Frakes' actions violated the terms of supervised release from the original Sentence.

6. The Magistrate Judge makes the following observations for the benefit of the District Judge:

   > After the initial hearing, the parties requested additional time to consider whether additional prison time should be recommended. This unusual step made clear that if the defendant could have three clean weeks he might have his supervised release extended. The evidence at the second hearing was that he submitted a non-compliant urinalysis on August 15. He had been tested clean in the interim, and so it was clear that this was new drug use and Meskimen admitted to the new violation <u>after</u> the initial appearance on this petition.
   >
   > So, this defendant could not stay clean for three weeks with the risk of a return to prison on the line. He admitted it with a carefree smirk. This came after a specific discussion at the end of the first hearing about the necessity of remaining clean for that three-week period. There could have been no question what the expectations were or the defendant's power to influence a good outcome in terms of his own behavior over a short period of time.
   >
   > It is clear also that the Government has thrown up its hands—because the agreed upon recommendation of one year and one day also is accompanied by a recommendation that no supervised release follow. This is understandable in light

of the experience under this iteration of supervised release, but it is tantamount to the Government declining to be of support or to provide supervision as Meskimen re-enters the world after this term of incarceration. Meskimen was so advised. It is clear that the presence of probation supervision makes little difference to Meskimen. His future is murky and confidence is understandably low that he will reform—after all, he took the gift of a three-week reprieve and an opportunity to control his personal behavior for less than a month and evidently rejected it without a thought.

For these reasons, the agreed upon recommendation of one year and one day without additional supervised release is appropriate.

7. The defendant was advised that this matter had been referred by the District Judge and that this report would be transmitted to the Court. He was further advised that the Court was not a party to the agreement between the Government and the defendant regarding disposition of this matter. The Magistrate Judge, however, advised the parties that the agreement was satisfactory and that a recommendation would follow to the District Judge consistent with the parties' agreement. The defendant testified that he understood the proposed agreement on disposition, consented to its content, and had not been coerced or threatened to enter into such an agreement.

## **Conclusions of Law**

1. The Court finds by a preponderance of the evidence that the defendant violated the terms of supervised release on and after her release from the Bureau of Prisons and while under supervision of the U. S. Probation Office.

2. The violation noted in the Findings of Fact is a Grade B violation under §7B1.1(b), *United States Sentencing Guidelines* (Chapter 7, Violations of Probation and Supervised Release).

3. The defendant's criminal history under §7B1.4(a) is Category III.

4. The sentencing options for this defendant include a statutory maximum of two years based upon these findings and conclusions. *See,* §7B1.4(a).

5. Based upon these findings and conclusions, the Magistrate Judge recommends that the defendant be sentenced to a term of one year and one day in the custody of the U.S. Bureau of Prisons consistent with the agreement of the parties. The Magistrate Judge further recommends that the defendant not be placed on supervised release.

6. In reaching these conclusions, the Magistrate Judge has considered the factors set forth in 18 U.S.C. 3553(a)(1) [nature and circumstances of the offense and the history and characteristics of the defendant, here, the flagrant violations of the terms of supervised release in a short time frame], (a)(2)(B) [affording adequate deterrence to criminal conduct, here, consideration of the defendant's multiple violations and disregard of reasonable rules of supervised release], (a)(2)(c) [to protect the public from further crimes of the defendant], (a)(2)(D) [not applicable here], (a)(4), (a)(5) [not applicable here], (a)(6) [the need to avoid unwarranted sentence disparities among defendants with similar records], and (a)(7) [not applicable here].

## **Recommendation**

The undersigned recommends to the Court adoption of these Findings of Fact and Conclusions of Law and the revocation of the defendant's supervised release and the imposition of term of incarceration of one year and one day without supervised release at the conclusion of the sentence.

The defendant is ORDERED detained pending the District Court's consideration of this recommendation.

Dated: September 18, 2017

Respectfully submitted,

_____
Craig M. McKee
United States Magistrate Judge

**Distribution to:**
Bradley Blackington, U.S. Attorney's Office
Michael Wright
Jennifer Considine, U.S. Probation Office
Greg Snyder, U. S. Marshal's Office